UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY A. KEENER, | CASE NO. 1:25 CV 2633 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | |
| | MEMORANDUM OF OPINION |
| CROSS COUNTRY MORTGAGE, LLC, et al., | AND ORDER |
| Defendants. | |

*Pro se* Plaintiff Jeffrey A. Keener, currently an inmate at the Allen-Oakwood Correctional Institution, filed this action against Cross Country Mortgage, LLC, Ronald Leonhardt, Jr., and Ilya Palatnik. (Doc. No. 1). He filed an Amended Complaint on December 23, 2025. (Doc. No. 3). Both the Complaint and Amended Complaint consist largely of fragmented sentences and disjointed and obscure allegations involving "Russian henchmen", the Hells Angels, assaults and threats by unknown assailants, and female dancers and escorts that were paid to befriend him and report on his activities. He claims that the "Russian henchmen" carried out acts of assault and intimidation to keep the value of Cross Country Mortgage up more its merger with Berkshire Hathaway in 2022. (Doc. No. 3 at PageID #: 26). He also claims that the acts were carried out due to his family ties to the IRS, police, judges, the real estate industry, and mortgages, "due in part to being old world, English Jewish Heritage." (Doc. No. 3 at PageID #: 26). He lists causes of action for violation of the First Amendment

Free Speech, bribery, defamation of character assault, and telecommunication harassment. He seeks monetary damages and injunctive relief.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th

Cir.1998). The Court, however, is given discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just such a Complaint. It does not contain a coherent statement of plausible fact, or a decipherable legal claim that has an arguable basis in law or connection to any of the Defendants.

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED.**

Date: 1/22/2026

**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.